IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALICIA BURGOS, on behalf of TAF** : | CIVIL ACTION |
| : | |
| v. : | NO. 05-CV-5810 |
| : | |
| **JO ANNE B. BARNHART,** *Commissioner of the* : | |
| *Social Security Administration* : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                       **January 11, 2007**

Plaintiff Alicia Burgos ("Plaintiff") brings this action on behalf of her minor child "TAF" seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying TAF's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383(f). Plaintiff and the Commissioner filed cross motions for summary judgment. The Court designated United States Magistrate Judge Arnold C. Rapoport to submit a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(d)(1)(C). In his Report and Recommendation, Magistrate Judge Rapoport recommended that the Court grant Plaintiff's Motion for Summary Judgment, deny the Commissioner's Motion, and remand the matter for further proceedings based on the ALJ's failure to address certain evidence in the record.

Because the Commissioner has objected to the Magistrate Judge's Report and Recommendation, this Court must "make a de novo determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Having reviewed the Report and Recommendation, the Commissioner's Objections, and Plaintiff's Response thereto, the Court will approve and adopt the Report and Recommendation.

I.  **Procedural History**

TAF is a three-year-old female born on June 9, 2003. R. at 69. Plaintiff applied for SSI on her behalf on March 19, 2004, alleging disability due to asthma beginning February 1, 2004. R. at 16. When the application was denied, Plaintiff requested a hearing before an administrative law judge ("ALJ"). R. at 35-40, 41-42. The hearing took place on February 10, 2005 before ALJ Sylvester A. Puzio. R. at 391-401. Plaintiff, represented by counsel, testified at the hearing regarding TAF's impairments. Id.

In an opinion issued on June 23, 2005, the ALJ found that TAF has a "severe" impairment, but that it does not meet or medically equal any of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1 and, accordingly, that TAF is not eligible for benefits. R. at 21-22. On September 2, 2005, the Appeals Council denied Plaintiff's timely request for review. R. at 5-8. Plaintiff now appeals the ALJ's determination to this Court.

II.  **Standard of Review**

    A.  **The Commissioner's Decision**

Judicial review of a Social Security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of the Court's review of the Commissioner's decision is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); Jeserum v. Sec'y of the United States Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995).

"The Court is bound by the ALJ's findings of fact if they are supported by substantial

evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); see also Plummer, 186 F.3d at 427 (noting that "substantial evidence" has been defined as "more than a mere scintilla"). "The court cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record." Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998).

### B. The Magistrate Judge's Report and Recommendation

The Court, however, must review de novo those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. See 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate." Id.

### III. Social Security Law

Title XVI of the Act provides for the payment of disability benefits to persons under the SSI program. 42 U.S.C. § 1382(a). A child is considered "disabled" and thereby entitled to benefits under the Act if he or she "has a medically determined physical or mental impairment which results in marked or severe functional limitations, and which can be expected to last for a continuous period of not less than 12 months." Id. at § 1382c(a)(3)(C)(I). The claimant carries the initial burden of proving disability. Plummer, 186 F.3d at 428.

Under the Social Security regulations, an application for child disability benefits is evaluated according to a three-step sequential process. 20 C.F.R. § 416.924. This process

requires the presiding ALJ to review in sequence: (1) whether the child is engaging in substantial gainful activity; (2) whether the child has a medically determinable impairment or combination of impairments that is severe; and (3) whether the child's impairments, considered alone or in combination, meet, medically equal, or functionally equal any listing set forth in 20 C.F.R. 404, Subpart P, Appendix 1. Id.

To satisfy the "functionally equal" standard in the third step, the child must suffer from "marked" limitations in two or more domains of functioning or an "extreme" limitation in one domain. See 20 C.F.R. 416.926a(a). The six domains of functioning in which a child's limitations are evaluated are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. See id. at 416.926a(b)(1). Parents and teachers may be called upon to provide information regarding a child's limitations with respect to these six domains since they see the child regularly and are able to describe the child's functioning at home, at school, and in the community. See id. at 416.926a(b)(3).

## IV.     The ALJ's Decision

Using the sequential evaluation process, the ALJ initially found that TAF satisfied the requirements of step one because she had never engaged in substantial gainful activity. R. at 16. At step two, the ALJ found that TAF has been diagnosed with asthma, which is considered severe within the meaning of 20 C.F.R. § 416.924. R. at 17, 21. Consequently, the ALJ progressed to step three of the analysis. There, he found that TAF "has no impairment or combination of impairments that meets or equals the criteria of any relevant impairment listed in Appendix 1, Subpart P, of Regulations No. 4." R. At 22. He further found that she "does not

have an impairment that is equivalent in severity to the criteria of a listed impairment in Appendix 1, Subpart P, of Regulations No. 4" and "does not have two 'marked' functional limitations or one 'extreme' functional limitation in one domain."  Id.  Because TAF's impairments did not satisfy any of the step three requirements, the ALJ found that she was not disabled and consequently not entitled to benefits.  Id.

V.     The Magistrate Judge's Report and Recomendation

In his Report and Recommendation, the Magistrate Judge considered Plaintiff's argument that the ALJ erred by failing to consider the testimony of TAF's mother and that he erred in his evaluation of TAF's asthma impairment under the applicable regulations.  The Magistrate Judge concluded that the ALJ's decision failed to consider certain "fundamental" evidence, and therefore, that the ALJ's decision could not be said to be supported by substantial evidence.  See Report and Recommendation at 7.  Specifically, the Magistrate Judge found that because the ALJ did not discuss all the relevant medical evidence in his decision, it was unclear whether he had weighed evidence such as an April 21, 2004 Child Disability Report, an April 4, 2004 Child Function Report, an April 24, 2004 Children's Activities Questionnaire, and an undated Functional Questionnaire.  See Report and Recommendation at 9-10.  Moreover, because the ALJ's decision failed to discuss the testimony of TAF's mother, it was also unclear whether he weighed this evidence.  See Report and Recommendation at 11.

VI.    Analysis

The Commissioner has objected to the Magistrate Judge's Report and Recommendation on three grounds.  First, the Commissioner contends that the Magistrate Judge based his Report and Recommendation on issues that were not raised by Plaintiff, and thus were waived.  See

Objections at 2-4. Second, the Commissioner argues that the Magistrate Judge erroneously found that the ALJ did not consider either the testimony of Plaintiff regarding the impact of TAF's impairments or the reports she completed in finding that TAF's asthma did not meet, medically equal, or functionally equal a listed impairment. See id. at 4-7. Finally, the Commissioner claims that the Magistrate Judge erroneously failed to consider the substantial evidence supporting the ALJ's decision that TAF was not disabled. See id. at 7-13.

**A.     Waiver**

The Commissioner contends that "[b]ecause Plaintiff failed to raise the issue of whether the ALJ properly considered the testimony of Plaintiff's mother, it is waived." Objections at 3. The Commissioner further argues that "[t]he issue of whether the ALJ considered the reports completed by [TAF's] mother was never raised by Plaintiff and, therefore, should be considered waived." See id. at 5.

The Commissioner is correct that "[a] party waives any issue not raised in its initial brief." Santiago-Rivera v. Barnhart, 2006 WL 2794189, at *2 n.5 (E.D. Pa. Sept. 26, 2006) (citing Warren G. v. Cumberland County Sch. Dist., 190 F.3d 80, 84 (3d Cir. 1999)); cf. Thomas v. Chater, 1997 WL 256458, at *7 n.10 (E.D. Pa. May 8, 1997) ("Issues raised for the first time in objections to a magistrate's recommendations are deemed waived") (citing Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)). In the instant case, however, the primary argument that Plaintiff makes in support of her summary judgment motion is that "the ALJ's decision to deny benefits to the Plaintiff is not supported by substantial evidence because the ALJ's opinion does not show a fair consideration of all of the evidence." Plaintiff's Motion for Summary Judgment ("Pl.'s Mot.") at 11 (emphasis in original). Moreover, in support of this argument, Plaintiff cites

to Cotter v. Harris, 642 F.2d 700 (3d Cir. 1981), the leading Third Circuit case requiring ALJs to consider all evidence in the record when making disability determinations. Accordingly, the Court does not find that Plaintiff waived the argument that the ALJ did not consider all of the evidence in this case.[1]

### B. The ALJ's Failure to Consider All the Evidence in the Record

Third Circuit precedent is clear that the ALJ not only needs to provide "an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." Cotter, 642 F.2d at 705. "Where competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence ... and explain a rejection of the evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 435 (3d Cir. 1987) (internal citation omitted). Without this type of explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored," and cannot "determine whether the reasons for [rejecting evidence] were improper." Cotter 642 F.2d at 705, 707; see also Plummer, 186 F.3d at 429 ("The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects") (citation omitted).

While there is "no requirement that the ALJ discuss in its opinion every tidbit of evidence

---

[1] Plaintiff also touched on the issue in a letter to the Appeals Counsel in support of her Request for Review of Hearing Decision (R. at 10):

> "The ALJ did not take into consideration any of the mother's testimony. According to the decision, the mother testified that she had seven children, three of whom receive SSI benefits. It appears that was the only testimony which the judge considered in making his decision. Of course, the number of children in a family or the number of disabled children in the family should not be considered relevant especially in this case."

R. at 390.

included in the record," see Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004), the ALJ's opinion in this case failed to discuss almost all of the evidence supplied by TAF's mother (Plaintiff).  Parental testimony can provide important information regarding the impact of a child's impairments on her functionality.  See 20 C.F.R. 416.926a(b)(3).  Yet, the only portion of Plaintiff's testimony the ALJ mentions is that she "stated that she has seven children, three of whom receive Supplemental Security Income." R. at 21.  As Magistrate Judge Rapoport noted, Plaintiff also testified that TAF was treated by her primary care physician on numerous occasions, that she still experienced asthma attacks despite taking her prescribed medication, that she was admitted to a special care unit in the hospital following visits to the emergency room on two separate occasions in December 2004, and that during these hospitalizations she required oxygen treatments and increased medication.  See R. at 394-98.  It is unclear whether the ALJ rejected this evidence, much less whether he even considered it because he does not discuss these portions of her testimony in his opinion.

Similarly, the ALJ's opinion does not discuss four reports that were completed by Plaintiff which directly address the impact of TAF's impairment on her functionality.  The reports indicate that TAF suffers from asthma attacks 4-5 times a day (R. at 80), that she requires daily medication to help treat her asthma and additional medication whenever she has to go to the hospital (R. at 88, 99), that she has speech difficulties and physical limitations as a result of her asthma (R. at 92, 94), and that she suffers from extreme limitations in various tasks, particularly those associated with acquiring and using information, interacting and relating with others, and moving about and manipulating objects (R. at 100-104).  The ALJ makes no mention of any of these reports, "leaving us to wonder whether he considered and rejected them, considered and

discounted them, or failed to consider them at all." Fargnoli v. Massanari, 247 F.3d 34, 44 (3d Cir. 2001).

### C.     The Weight of the Evidence

The Commissioner argues that even if the ALJ did not consider all of the evidence, there is substantial evidence supporting his decision.  Objections at 7-12.  However, as Magistrate Judge Rapoport correctly points out, if the ALJ has failed to address evidence in the record or explain his reasons for rejecting or discrediting evidence, meaningful review of the ALJ's decision by the Court is not possible.  Report at 12.  "[U]nless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  See Schaudeck, 181 F.3d at 435 (internal quotations omitted).  Therefore, the Court is unable to determine at this point whether substantial evidence supports the ALJ's decision and must remand the case for further proceedings.  See, e.g., Fargonoli, 247 F.3d at 40 (remanding case in which the ALJ failed to "evaluate adequately all relevant evidence and to explain the basis of his conclusions" and "explain his assessment of the credibility of, and weight given to, the medical evidence and opinions from [Plaintiff's] treating physicians that contradict the ALJ's finding").

## VII.    Conclusion

For the aforementioned reasons, the Commissioner's Objections will be overruled, Plaintiff's Motion for Summary Judgment will be granted, and the case will be remanded for further proceedings consistent with the Magistrate Judge's Report and Recommendation.  An

appropriate Order follows.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA BURGOS, on behalf of TAF : | CIVIL ACTION |
| : | |
| v. : | NO. 05-CV-5810 |
| : | |
| JO ANNE B. BARNHART, *Commissioner of the* : | |
| *Social Security Administration* : | |

## ORDER

**AND NOW**, this 11th day of January, 2007, the Court having considered the parties' Motions for Summary Judgment (docket nos. 8, 9) and reviewed the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport (docket no. 11), the Commissioner's Objections (docket no. 12), Plaintiff's Response (docket no. 13), and the entire record, including the ALJ's decision, the transcript of the hearing, and the hearing exhibits, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment is **GRANTED** in part;

3. The Commissioner's Motion for Summary Judgment is **DENIED**; and

4. The matter is remanded for further proceedings consistent with the Report and Recommendation.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**